IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-25-BO-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| $25,000 IN U.S. CURRENCY ) | |
| Defendant. ) | |

This cause comes before the Court on a motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 by claimants Shontayene Pittman and Priscilla Pittman. The government has responded in opposition and the motion is ripe for ruling. For the reasons that follow, the motion for summary judgment is denied without prejudice.

## BACKGROUND

This civil forfeiture action arose out of a traffic stop conducted by Nash County Sheriff's Office deputies on April 12, 2022. Tyran Knight was the driver and his uncle, claimant Shontayene Pittman, was the sole passenger of the vehicle that was stopped. A K-9 conducted a sniff of the vehicle and alerted to driver's side door. Knight denied the presence of any narcotics in the vehicle but, when asked whether there may be a large amount of currency in the vehicle, stated he did not know exactly how much was present. After discussion with Mr. Pittman, it was determined that there may be up to $25,000 in the vehicle, and $25,000 was discovered in a grey plastic bag concealed under the driver's side rear passenger seat. The currency was ultimately seized by law enforcement and is now the subject of this civil forfeiture action.

Claimants contend that the government has provided no evidence that the $25,000 is proceeds from any drug crimes or that it was intended to facilitate drug offenses and is therefore not subject to forfeiture. Claimants further argue that they have refuted the allegations with affirmative evidence and that the government's evidence fails to show a substantial connection between the subject currency and any drug crimes. *See United States v. McClellan*, 44 F.4th 200, 205 (4th Cir. 2022). Claimants contend that in the hours prior to the traffic stop, Knight and Shontayene Pittman had travelled to Carthage, Mississippi in what was ultimately an unsuccessful attempt to purchase a food truck from Terry Mann to be used by claimant Priscilla Pittman in her business, Fancy Faye's Meal on Wheels. In support, claimants have proffered a copy of a check showing a life insurance policy disbursement totaling $50,202.74; the articles of organization of Fancy Faye's Meal on Wheels LLC; and bank statements showing a withdrawal of $2,000 on March 16, 2022, a transfer deposit of $11,000 on April 14, 2022, and a withdrawal of $22,000 on April 14, 2022. Claimants further rely on their verified claims of interest in the subject currency.

In opposition, the government argues that the motion is inadequately supported by admissible evidence and that the motion should be denied to permit the government to conduct post-pleading discovery.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Claimants filed the instant motion on June 6, 2023, after they had filed their answer but prior to the entry of a scheduling order. The scheduling order provides that discovery shall be completed by March 29, 2024.[1] [DE 27]. "As a general proposition, summary judgment is appropriate only after adequate time for discovery." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) (en banc) (cleaned up and citations omitted). Summary judgment must ordinarily be refused where the nonmoving party has not had sufficient time to discover essential information. *Id.* (citations omitted).

Here, there is no basis upon which to enter summary judgment in favor of claimants prior to the parties having engaged in discovery. The evidence submitted by claimants, when taken in the light most favorable to the government, falls well short of establishing that claimants are entitled to judgment in their favor on this record. Claimants have submitted no evidence that the life insurance check was negotiated and have not demonstrated how the transfer and withdrawal of funds on April 14, 2022, two days after the traffic stop, supports their claim that the currency was taken to Mississippi on April 12th to purchase a food truck. In sum, claimants have not demonstrated that this is an instance in which the general rule that summary judgment should not be considered until after a chance for discovery should not apply. The motion for summary

---

[1] The dispositive motions filing deadline has been set as January 15, 2024, but the Court presumes this is a typographical error. The dispositive motion filing deadline is hereby EXTENDED to April 29, 2024.

3

judgment will therefore be denied without prejudice to refiling after the parties have had adequate time to engage in discovery.

## CONCLUSION

Accordingly, for the foregoing reasons, claimants' motion for summary judgment [DE 22] is DENIED without prejudice. The dispositive motion filing deadline is hereby EXTENDED to April 29, 2024.

SO ORDERED, this 30 day of November 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE